# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ARTHUR MOOREHEAD,<br><br>   Plaintiff,<br><br>   vs.<br><br>MAGDY MAKSY, M.D., et al.,<br><br>   Defendants. | 1:14-cv-01021-GSA-PC<br><br>ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE<br>(Doc. 6 resolved.)<br><br>ORDER STRIKING AMENDMENT TO COMPLAINT, FOR VIOLATION OF LOCAL RULES 131 AND 220<br>(Doc. 7.)<br><br>ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT COMPLETE IN ITSELF AND BEARING PLAINTIFF'S SIGNATURE |

**I.   BACKGROUND**

James Arthur Moorehead ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 30, 2014. (Doc. 1.)

On July 14, 2014, Plaintiff filed a motion for leave to amend the Complaint and submitted an Amendment to the Complaint. (Docs. 6, 7.)

## II. LEAVE TO AMEND -- FEDERAL RULE OF CIVIL PROCEDURE 15(a)

Plaintiff seeks leave to amend the Complaint to identify two Doe Defendants by name. Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has not previously amended the complaint and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course. However, as discussed below, the Amendment submitted by Plaintiff on July 14, 2014, violates Local Rules 131 and 220.

## III. LOCAL RULES 131 AND 220

Plaintiff's Amendment to the Complaint violates Local Rules 131 and 220 and therefore shall be stricken from the record, with leave to amend.

Local Rule 131 provides that all filings submitted to the court must bear the signature of the filing party. Local Rule 131; Fed. R. Civ. P. 11(a). Plaintiff's Amendment to the Complaint lacks Plaintiff's signature and therefore violates Local Rule 131.

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff's Amendment to the Complaint consists of four pages merely listing all of the defendants. Plaintiff may not amend the Complaint in this manner. Under Rule 220, Plaintiff may not amend the Complaint by adding information piecemeal after the Complaint has been filed. To add information or correct an error in the Complaint, Plaintiff must file a First Amended Complaint which is complete within itself. Therefore, Plaintiff's Amendment to the Complaint violates Local Rule 220 and shall be stricken from the record, with leave to file a First Amended Complaint.

**IV.     CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's Amendment to the Complaint filed on July 14, 2014, shall be stricken from the record for violation of Local Rules 131 and 220, with leave to amend. Plaintiff shall be granted thirty days in which to file a First Amended Complaint complete in itself, without reference to any prior pleading, and bearing Plaintiff's signature.

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. In an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 36 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after June 30, 2014. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Also, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on June 30, 2014.

The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is informed that he has leave to amend the Complaint once as a matter of course;

2. This order resolves Plaintiff's motion to amend the complaint, filed on July 14, 2014;

3. Plaintiff's Amendment to the Complaint, filed on July 14, 2014, is STRICKEN from the court's record for violation of Local Rules 131 and 220, with leave to amend;

4. Within thirty (30) days from the date of service of this order, Plaintiff shall file a First Amended Complaint complete in itself and bearing Plaintiff's signature, using the court's form;

5. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:14-cv-01021-GSA-PC, and be an original signed under penalty of perjury;

6. The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and

7. Plaintiff is warned that the failure to comply with this order will result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **July 17, 2014**                   **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE